United States District Court
Southern District of Texas
ENTERED
September 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **DELVI DIAZ MEDINA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01223** |
| | § | |
| **ICE/ DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Delvi Diaz Medina's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging his post-removal-order detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the reasons set forth below, Petitioner's Petition for Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. 9), is **DENIED**.

**Background**

Petitioner is a citizen of Venezuela who came to the United States seeking protection from his home country. (Dkt. 2 at 2.) Petitioner entered the United States on or about September 20, 2023, and was apprehended by immigration authorities near Eagle Pass, Texas. (Dkt. 9 at 1.) DHS served Petitioner with a Notice to Appear on September 22, 2023, and then released him on his own recognizance. (Dkt. 1, Attach. 1 at 221; Dkt. 9 at 1, Attach. 1 at 1.)[1] Petitioner was later

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

redetained by immigration authorities and remains in custody at the Webb County Detention Center in Laredo, Texas. (*See* Dkt. 1 at 1.) He was ordered removed to Ecuador on February 4, 2026, and his order of removal became final on March 6, 2026, when he did not file an appeal to the Board of Immigration Appeals (BIA) within the appeal period.[2] (Dkt. 9 at 2, Attach. 1 at 4–7); *see* 8 C.F.R. § 1241.1(c).

Petitioner filed his Petition for Writ of Habeas Corpus on July 10, 2026. (Dkt. 1.) He argues that his ongoing detention violates the Due Process Clause of the Fifth Amendment and asks the Court to order his immediate release from custody. (Dkt. 1 at 6–7; Dkt. 10 at 11–14.) Petitioner also claims that he has been suffering serious medical issues while in detention and that his health is deteriorating. (Dkt. 1 at 6; Dkt. 2 at 2.) The Court ordered Respondents to respond to the petition by July 17, 2026. (Dkt. 8.) Respondents filed a timely response and Motion for Summary Judgment, arguing that Petitioner is lawfully detained within the constitutionally permissible period under 8 U.S.C. § 1231(a) as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Dkt. 9.) In light of the information, the Court ordered Respondents to file an update on any additional progress that has been made to effectuate Petitioner's removal on or before September 8, 2026. (Dkt. 11.) Respondents filed a timely status report stating that they "have been advised that

---

[2] On September 1, 2026, Petitioner's daughter informed the Court that Petitioner filed an appeal of his removal order with the BIA on or around August 21, 2026. (Dkt. 14.) Respondents argue that Petitioner remains detained under 8 U.S.C. § 1231 pursuant to a final removal order because "the BIA has not yet considered whether to accept the untimely appeal." (Dkt. 18.) Based on the information before the Court, it appears that Petitioner filed a Notice of Appeal outside the time allotted for an appeal absent a request for equitable tolling. (*See* Dkt. 14); *see also* 8 C.F.R. § 1241.1(c) (stating a removal order becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"); *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 717 (BIA 2023) ("The Board will accept late-filed appeals where a party can establish equitable tolling applies."). Because Petitioner does not argue otherwise and challenges his post-removal-order detention, the Court assumes without deciding that Petitioner is presently detained under 8 U.S.C. § 1231.

Ecuador will not accept the Petitioner at this time and ICE Enforcement and Removal Operations ("ERO") is awaiting further guidance on its next steps to effectuate removal." (Dkt. 16 at 1.) Petitioner submitted replies to Respondents' filings, maintaining that Petitioner's continued detention is unlawful. (Dkts. 10, 13.)

## Legal Standard

### A. 28 U.S.C. § 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). 28 U.S.C. § 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws . . . of the United States.'" *Zadvydas*, 533 U.S. at 687. Accordingly, 28 U.S.C. § 2241 confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id*. (citing 28 U.S.C. § 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Habeas is "the basic method for obtaining review of continued *custody after* a deportation order had become final" and is available "as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 687–88 (citation omitted). "Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory

authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question." *Id*. at 699 (citing 28 U.S.C. § 2241(c)(3)).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citations omitted).

**B. Rule 56(a)**

Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rogers v. Bromac Title Servs., L.L.C.,* 755 F.3d 347, 350 (5th Cir. 2014). If the moving party meets its burden of demonstrating the absence of a genuine factual dispute, the non-movant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013)). "Because this case arises in a summary judgment posture, we view the facts in the light most favorable to [Petitioner], the nonmoving party." *Id*. (quoting *City & County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1769 (2015)).

## Discussion

The Court considers Petitioner's claims that his post-removal-order detention by immigration authorities has become unreasonably prolonged in violation of the Due Process Clause of the Fifth Amendment given that Petitioner's detention has now stretched for over six

months since the IJ's removal order became administratively final. (*See* Dkt. 1 at 6; Dkt. 10 at 11; Dkt. 13.) Respondents initially argued that Petitioner's claims should be denied because he had been detained less than six months post-final removal order when he filed his Petition and he has made conclusory allegations that his removal is not reasonably foreseeable. (Dkt. 9 at 5.) As a threshold matter, the Court has jurisdiction to hear Petitioner's claim challenging the lawfulness of his post-removal-order detention. *See Khan v. Bondi, et. al.*, 5:26-cv-00042, Dkt. No. 24 (S.D. Tex. Mar. 5, 2026) (analyzing the Court's jurisdiction to hear such claims).

**A. Limits on Post-Removal-Period Detention Under *Zadvydas***

The Supreme Court has recognized that "permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690. Thus, the Supreme Court held in *Zadvydas* that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). In order to guide lower courts in reviewing the reasonableness of continued detention, the Supreme Court determined that there is a presumably reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701. After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the respondents do not offer sufficient rebuttal evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade v.*

*Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (finding that petitioner had failed to meet his initial burden when he offered "nothing beyond his conclusory statements").

**1. Length of Petitioners' Detention**

Petitioner has now spent more than six months, or 180 days, in custody since his removal order became administratively final on March 6, 2026. (*See* Dkt. 9, Attach. 1 at 4–7.) Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem,* 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii). While Petitioner was not in custody for a full six months, or 180 days, from the date his removal order became final in March of 2026 at the time his petition was initially filed, Petitioner has now clearly been detained for more than six months.[3] Thus, Petitioner has surpassed the six-month presumption of reasonableness under *Zadvydas*.

**2. Foreseeability of Petitioners' Removal**

The Court now turns to whether Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and whether Respondents have responded "with evidence sufficient to rebut that showing." *Zadvydas,* 533 U.S.

---

[3] Respondents do not argue that Petitioner's *Zadvydas* claim is still premature, (*see generally* Dkt. 16), and the Court otherwise rejects the argument that a habeas claim must be dismissed when it is brought prior to the conclusion of the six-month presumptively reasonable period. *See Sanchez*, 2025 WL 3760317, at *7 n.3 (rejecting this argument on the ground that there is no "controlling precedent or legal support to indicate that six months must have elapsed *at the time of filing*" and concluding that the six-months period is a rebuttable not preclusive presumption); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 702 (S.D. Tex. 2025) ("nothing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional time period has elapsed"); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397 (D. N.J. 2025) (recognizing that the *Zadvydas* presumption is rebuttable and that "[t]o hold otherwise would condone detention in cases where removal is not reasonably foreseeable or even functionally impossible, so long as it did not exceed six months." (citation omitted)).

at 701. Petitioner claims that he has attempted in good faith to cooperate with ICE and has not intentionally attempted to prevent his removal. (Dkt. 13 at 2.) He alleges that he has not received information on Respondents' progress in effectuating his removal, and that on July 28, 2026, Petitioner had a meeting with ICE to discuss the possibility of his release. (*Id.* at 3–4.) Petitioner states that he has continued to wait for further information concerning his release and that any "information concerning travel documents, communications with foreign authorities, transportation arrangements, or other matters" have not been disclosed directly to him. (*Id.* at 6.)

For a petitioner to show that there is "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" the petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *See Gomez v. Mattos*, 2025 WL 3101994, at *5 (D. Nev. Nov. 6, 2025) (quoting *Zadvydas*, 533 U.S. at 701–02). Although a petitioner must offer more than conclusory statements, he has a "minimal burden." *See DuPont v. Meserve*, 2026 WL 74112, at *4 (D. Maine Jan. 9, 2026). Furthermore, several courts have held that a petitioner can meet the initial burden to show "a good reason" by showing that "the presumptively reasonable six-month period has expired." *Pham v. Bondi*, 2025 WL 3122884, at *1 (W.D. Wash. Nov. 7, 2025) (quoting *Nguyen v. Scott*, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025)); *see also Alexis v. Sessions*, 2018 WL 5921017, at *7 (S.D. Tex. Nov. 13, 2018) ("postremoval detention under § 1231(a)(6) for longer than six months is presumptively unreasonable"); *Iakubov v. Figueroa*, 2025 WL 2640218, at *2 (D. Ariz. Sep. 15, 2025). Thus, Petitioner meets his burden by showing that the presumptively reasonable six-month period has expired, and by alleging he has received no information on any progress that has been made to effectuate his removal to Ecuador or a third country.

Upon finding that Petitioner has provided a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Court turns to Respondent's lack of evidence that Petitioner's removal is indeed foreseeable. On August 18, 2026, the Court ordered Respondents to supply the Court with an update on any additional progress that has been made to effectuate Petitioner's removal, providing Respondents with an opportunity to present evidence that Petitioner's removal is foreseeable. (Dkt. 11 at 1.) However, Respondents did not provide the Court with any evidence to consider and only stated that they "have been advised that Ecuador will not accept the Petitioner at this time and ICE [ERO] is awaiting further guidance on its next steps to effectuate removal." (Dkt. 16 at 1.) Thus, Respondents are unable to effectuate Petitioner's removal to Ecuador and have not provided the Court with any other country that is willing to accept Petitioner.

Respondents have "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months." *Clark v. Martinez*, 543 U.S. 371, 386 (2005). Respondents have had over 180 days, or six months, to work on removing Petitioner and have been unable to do so. The lack of any progress towards removal while Petitioner has remained detained indicates that his removal is not reasonably foreseeable at this time. *See Misirbekov v. Venegas,* 2025 WL 3033732, at *2 (S.D. Tex. Oct. 29, 2025) (finding that a "lack of progress in removing Petitioner makes removal unlikely in the foreseeable future" for a petitioner detained over nine months post-removal order). "[A] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted). As such, Petitioner's continued detention violates the INA and his rights under the Due Process Clause of

the Fifth Amendment because there is not a significant likelihood of removal in the reasonably foreseeable future.

## <u>Conclusion</u>

For the foregoing reasons, Petitioner's Petition for Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. 9), is **DENIED**.

Respondents are hereby **ORDERED** to immediately **RELEASE** Petitioner from custody under reasonable conditions of supervision. Respondents are **ORDERED** to notify the Court of the status of Petitioner's release on or before <u>**September 21, 2026**</u>. Respondents must provide Petitioner with a printed copy of this Order granting the habeas petition and ordering release from custody.

Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

The Court further **ORDERS** that Petitioner cannot be re-detained without a material change in circumstances.

IT IS SO ORDERED.

SIGNED this September 18, 2026.

________________________________
Diana Saldaña
United States District Judge